## In Re Estate of Amanda W. Foster, deceased.   David Gilmore's Appeal.

*Will—Trusts and trustees—Discretion of trustee.*

A married woman by her will, gave to her husband, his successors and assigns, all of her estate, real and personal, . . . . in trust as follows : `` With full power and discretion in said trustee and his successors, to mortgage, lease, sell, convey, assign, transfer, hold, manage or invest and reinvest the same until my youngest child arrives at twenty-one years of age, and to distribute the income or principal or both among my three children, and their heirs, at such times, in such manner and in such shares, equal or unequal, as he or his successor in his sole discretion may deem proper and just." The personal property consisted only of household furniture which was in use by the family during the lifetime of testatrix, and continued so afterwards. After the death of one of the sons, an attaching creditor of the husband sought to sequester the husband's interest in the trust estate. At this time the youngest child was about fourteen years of age, and the oldest over twenty-one. *Held,* (1) that the household furniture was an entirety which could not be broken without a breach of trust, and therefore, the attaching creditor of the husband had no right to take any part of it; (2) that the furniture should be awarded to the husband in trust for the purposes of the will.

Argued Nov. 9, 1896.   Appeal, No. 195, Oct. T., 1896, by David Gilmore, from decree of O. C. Allegheny Co., April, T., 1896, No. 1, on exceptions to account of executors.   Before STERRETT, C. J., GREEN, WILLIAMS, McCULLOM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to account of executors.

Mrs. Amanda W. Foster, by her will gave to her husband, " Dr. W. S. Foster, his successors and assigns, all of my estate, real and personal, . . . . in trust as follows : With full power and discretion in said trustee and his successors, to mortgage, lease, sell, convey, assign, transfer, hold, manage or invest and reinvest the same until my youngest child arrives at twenty-one years of age, and to distribute the income or principal, or both,

among my three children, John. Watt Foster, Halsey Wright Foster and Bayard Dashiell Foster and their heirs, at such times, in such manner, and in such shares, equal or unequal, as he or his successor in his sole direction may deem proper and just."

One of the beneficiaries having died, an attaching creditor of Dr. Foster seeks to sequester his interest in the trust estate. The youngest child is about fourteen years of age, and the oldest past twenty-one.

HAWKINS, P. J., filed the following opinion:

While it may be conceded that the death of one of the intended beneficiaries under this will made Dr. Foster a party interested in the trust estate as next of kin, his interest is manifestly not such as can be made presently available in attachment by his creditors; for it cannot be taken without prejudice to his children's rights : Drake on Attachment, 245. The trust estate is of such a character as to be incapable of present division. It consists of the household furniture which was in use during Mrs. Foster's lifetime, and has been continued since in the same character. While there was no formal appointment by the donee, there was its equivalent in the permissive use which the trustee allowed his children. Dr. Foster testified that this continued use was in accordance with testatrix's wish. It was at least a natural use, for it was part of the equipment, and necessary to the enjoyment of the children's home. Its appointment to that use was made when all three children were living, and Dr. Foster's good faith could not have been questioned. No change has since been made, and Dr. Foster can receive no increased benefit so long as this continues. The furniture, as a whole, is not less necessary to the surviving children. Their father is admittedly insolvent; and certainly as between him and them, he could not deprive them of what was necessary to their home comfort; for they were made the primary objects of bounty with his express consent; and what he could not, his creditors ought not to be permitted to do. The household furniture so far as appears is an entirety which cannot be broken without a breach of trust: Slemmons' Est., 173 Pa. 156.

It has been seen that Dr. Foster has taken no positive action in the exercise of his discretion since his son's death with respect

to the use of the furniture.   The apportionment of the principal will not become imperative until the majority of his youngest son, six years hence; and as it has not been made to appear that there is any contemplated action in the meantime to the prejudice of exceptant there is no present occasion for interference by this court.   If occasion should in the meantime require, the question may arise whether or not the surviving beneficiaries have a right, assuming that Dr. Foster is incompetent, to the appointment of a trustee competent to act on the principle that a trust shall not fail for want of a trustee.   The fact that, in the event of Dr. Foster's death, the will expressly provides his "successor in the line of the trust shall have all of the power and discretion" which had been given him, necessarily implied that the exercise of these powers was intended to be made incidental to, and limited only by the duration of the trust.   The trust having been created for the benefit of all the children, each was interested in its continued existence; and it is not apparent why the death of one should prejudice the others, especially in view of the evident purpose to prefer them to Dr. Foster.   As the father was, in contemplation of law, primarily liable for the training and maintenance of the children, the natural presumption is that the discretion given was subsidiary, and intended to be governed by the need of each of them.

### DECREE.

And, now, to wit June 15, 1896, this matter came on for hearing and distribution, at this term, upon exceptions thereto, and testimony taken, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the exceptions be dismissed without prejudice to raise questions upon the termination of trust created by will of decedent, and that the fund in hands of accountant, viz: $1,024.02, be paid in accordance with the following schedule of distribution, unless an appeal be taken herefrom within twenty days.

Balance as per account:

| | | |
|---|---|---|
| Household goods valued at | . . . | $1,000 00 |
| Cash . . . . . . . . | | 24 02 |
| | | $1,024 02 |
| Deduct clerk's costs . . . . . | | 7 00 |
| Balance for distribution . . . . | | $1,017 02 |

To Dr. S. W. Foster, trustee in trust as per item first of will of deceased, said balance, viz:

| | |
|---|---:|
| Household goods . . . . . . . | $1,000 00 |
| Cash . . . . . . . . | 17 02 |
| | $1,017 02 |

Bond in the sum of $2,000 to be given to be approved by court.

*Error assigned* was decree of the court, quoting it.

*John O. Petty*, with him *Kennedy T. Friend*, for appellant.— The will of Amanda W. Foster does not create a spendthrift trust,—an estate the cestui que trust cannot part with, nor creditors touch. To create such it is necessary that provisions against alienation and liability for debt should be expressed: Girard L. Ins. etc. Co. v. Chambers, 10 Wright, 492; Keyser v. Mitchell, 67 Pa. 473; Hill on Trusts, 489.

In trusts of this character, the cestui que trustent take, not from the donee of the power, but from the donor, and have vested interests, and if the power of distribution be not exercised, and until its exercise, the whole class of objects will be entitled to the property in equal shares: Hill on Trustees, 492; McKonkey's App., 13 Pa. 257; Graeff v. DeTurk, 44 Pa. 527; Casterton v. Sutherland, 9 Ves. 445; Wills v. Cooper, 1 Dutcher (25 N. J. L.), 137; Hill on Trustees, 252.

Merger may have a partial operation. It may operate upon an undivided portion of the estate, as upon one third, precisely as in case of holding the entire interest in the premises: Preston on Merger, 88, 89; 4 Kent's Com., 100; 6 Greenleaf's Cruise, sec. 7. If the law of merger is permitted to operate, Dr. Foster has an undivided one third interest in Amanda W. Foster's estate, discharged of the trust, which his creditors may attach: Drake on Attachments, 248.

A discretionary power cannot, without express authority, be delegated to a stranger by assignment inter vivos: Hill on Trustees, 489. The very nature of a trust precludes the idea that Dr. Foster can exercise discretion for himself: Lewin on Trusts, 2 Star, 14; Bolles v. State Trust Co., 27 N. J. Eq. 308; Wills v. Cooper, 1 Dutcher, 137; Goodright v. Wells, 2 Doug. 771; Craig v. Hone, 2 Edw. Chan. 554; Washburn on Real Est.,

203; Mason v. Mason, 2 Sand. Chan. 432; Mason v. Jones, 2 Barb. 229; James v. Morey, 2 Cow. 284; Passingham v. Sherborn, 9 Beavan, 424; Roig v. Tim, 103 Pa. 115; Sprague v. Miley, 43 L. T. 236.

The interest or proceeds of a fund in the hands of trustees to be paid a legatee is liable to attachment, except in cases of spendthrift trusts: Park v. Matthews, 36 Pa. 28; Girard Life Ins. Co. v. Chambers, 46 Pa. 485; Keyser v. Mitchell, 67 Pa. 473; Neely v. Grantham, 58 Pa. 433; Wills v. Cooper, 25 N. J. L. Rep. 137.

*Thomas M. Brown* and *A. M. Brown*, for appellee, were not heard, but cited in their printed brief, Drake on Attachment 245; Slemmons' Est., 173 Pa. 156; Vanderveer's Est., 16 W. N. C. 259; Hill on Trustees, 495; Rankin's Est., 35 Pitts. Leg. Jour. 224; Magee's Est., 32 Pitts. Leg. Jour. 401.

Per Curiam, January 4, 1897:

There is no error in this record; nor is there anything in the questions involved that requires further consideration than appears to have been given them by the learned president of the orphans' court. On his opinion the decree is affirmed and appeal dismissed at appellant's costs.